The CHASE REALTY COMPANY, Inc.,
a Missouri Corporation, Appellant,

v.

DOREL COMPANY, Inc., a Missouri Corporation, Earl Bumiller, Registered Agent, and Earl Bumiller and Doris Bumiller, Husband and Wife, Respondents.

No. 53004.

Supreme Court of Missouri,

Division No. 1.

Feb. 10, 1969.

Louis Shifrin, Richard H. Ulrich, Shifrin, Treiman, Schermer & Susman, St. Louis, for plaintiff-appellant.

Edward C. Cody, Klutho & Cody, St. Louis, for defendants-respondents.

LAURANCE M. HYDE, Special Commissioner.

Plaintiff calls its petition "a declaratory judgment suit in equity." The petition asked "a declaration of the rights of the parties in and to the contracts alleged." Plaintiff alleged employment as broker to sell real estate and claimed to be entitled to a fee of $18,000.00 as a six per cent commission on an offered price of $300,000.00 for the fee simple title to property for which plaintiff claims it had an exclusive sales contract. Plaintiff now claims to be entitled to a commission of $12,000.00 for sale of a 99-year lease on the same property. Plaintiff claims to be entitled to one or the other, not both. The Court found plaintiff was not entitled to anything and entered judgment for defendants.

Defendants raise the issue of our jurisdiction, claiming there is no actual amount in controversy on this appeal in excess of $15,000.00, because plaintiff asserts conflicting claims. When we look at the "Points Relied On" in plaintiff's brief we find, except for Point IV, and perhaps VII which has no reference to the amount in-

volved, they set out "only abstract statements of law without showing how they are related to any action or ruling of the court." See Civil Rule 83.05(e), V.A.M.R. Point IV is as follows:

"The exclusive sales contract contained two elements:

"a) The sale of the 99 year leasehold for $200,000.00, subject to the broker's commission.

"b) The sale of the fee simple title for $350,000.00 subject to the broker's commission.

"The sale of the leasehold was actually made. Therefore, from the face of the exclusive sales contract and admission of Defendants-Respondents, the agents are entitled to a 6% commission or $12,000.00 for the sale of the leasehold."

There is no other point relied on in plaintiff's brief making a claim to any specific amount of commission or stating any definite transaction for which commission of more than $12,000.00 is claimed. Thus a claim for $12,000.00 for commission is the only live issue on this appeal. Concerning issues not briefed, we have ruled: "And though timely raised in the trial court, if the constitutional question is not briefed nor urged nor relied upon in this court, it will be deemed abandoned, and, when our jurisdiction depends solely upon such question being involved, we will not retain jurisdiction, even where the case was properly sent here on appeal because of the appearance of such question in the record." Ewing v. Kansas City, 350 Mo. 1071, 169 S.W.2d 897, 900, and cases cited; see also Heuer v. Ulmer, Mo.Sup., 273 S.W.2d 169; Washington University Law Quarterly, Vol. 1964, pp. 640–649 and cases cited.

■ An abstract statement in "Points Relied On" now shown to be related to any action or ruling of the court "is not sufficient to raise any question for appellate review because it fails to state what actions or ruling of the court are claimed to be erroneous and why it is contended the court was wrong in any action or ruling." Monterosso v. St. Louis Globe-Democrat Publishing Co., Mo.Sup., 368 S.W.2d 481, 488; see also Sebree v. Rosen, Mo.Sup., 374 S. W.2d 132, 141; Stanziale v. Musick, Mo. Sup., 370 S.W.2d 261, 269; Walker v. Thompson, Mo.Sup., 338 S.W.2d 114, 116, 117. For other cases construing this rule see West's Missouri Digest, Appeal & Error ⟨key⟩758(3). The transcript shows, as to plaintiff's claim for $18,000.00 commission, the trial court found from the parties' conflicting testimony that plaintiff did not procure a purchaser upon terms stated in its contract or satisfactory to defendants. It does not appear how a different result could be reached on appeal because Civil Rule 73.01(d), V.A.M.R. provides, as to a court-tried case: "The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." In any event, there being nothing in plaintiff's "Points Relied On" concerning any claim for commission except plaintiff's claim for $12,-000.00, there is nothing preserved for appellate review concerning a claim for commission in excess of $15,000.00.

■ Plaintiff also claims jurisdiction here on the ground that title to real estate is involved because "a lien on said title is requested by reason of an exclusive sales contract to sell a leasehold and fee simple title." It has long been settled that seeking to impose a lien on land does not involve title to real estate. See Pursley v. Pursley, Mo.Sup., 213 S.W.2d 291, 292, and cases cited.

The case is transferred to the St. Louis Court of Appeals.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.