**Neavle BIGGS (Employee), Respondent,**

v.

**Wilbert A. LOIDA et al., Appellants.**

**No. 34522.**

Missouri Court of Appeals,
St. Louis District.

Dec. 12, 1972.

·Charles A. Weber, St. Genevieve, for appellants.

Buerkle, Buerkle & Lowes, Jackson, for respondent.

## PER CURIAM:

This appeal is from a judgment affirming the final award of the Industrial Commission which awarded to respondent the sum of $11,371.32 for the loss of respondent's eye as the result of an accident which concededly arose out of and in the course of the respondent's employment.

Following the filing of appellants' brief the respondent filed a motion to dismiss the appeal for the reason that the appellants' brief failed to comply with Rule 84.-04, V.A.M.R. In the motion it was pointed out that the jurisdictional statement was insufficient; that the statement of facts was not a fair and concise statement of facts; that no page references to the transcript were provided; and that the points relied on failed to state wherein and why the rulings of the court were claimed to be erroneous. Our examination of the appellants' brief readily disclosed that there was merit in the respondent's motion in that it failed to comply with Rule 84.04, V.A.M.R., in each and all of the matters specified in the motion. However, even though the motion was well taken, in conformity with

the principle that cases should be disposed of on their merits rather than on procedural grounds we denied respondent's motion to dismiss the appeal, but on our own motion struck the appellants' brief and granted appellants additional time to file a new brief.

Appellants' second brief is but a scant improvement over the first, and is again the subject of attack by the respondent in his brief. The jurisdictional statement is acceptable, but the statement of facts is again not a fair and concise statement of facts and contains argument and conclusions. Furthermore, appellants have repeated, word for word, precisely the same points relied on which, in brief, are no more than mere assertions that "the court erred" in certain respects. As was expressly pointed out in respondent's motion to dismiss the appeal after appellants' first brief had been filed, there remains an utter failure to specify " * * * wherein and why they (the rulings of the court) are claimed to be erroneous, * * *." Rule 84.04(d). That requirement should not have presented any difficulty, for as respondent states, the scope of an appellate review in a workmen's compensation case is restricted to the four grounds specified in § 287.490, RSMo 1969, V.A.M.S. A mere statement that the court erred in some respect, without more, is nothing more than an abstract assertion, Lane v. Katt, Mo.App., 421 S.W.2d 544; Wachter v. Grogan, Mo.App., 410 S.W.2d 550; has been repeatedly condemned as insufficient under the rules; McGrail v. Schmitt, Mo., 357 S.W.2d 111; Moll v. Springdale Park, Inc., Mo., 395 S.W.2d 126; and has been held to preserve nothing for appellate review, Anderson v. Orscheln Bros. Truck Lines, Inc., Mo., 393 S.W.2d 452; Johnson v. Manwarren, Mo.App., 474 S.W.2d 342.

The ample opportunity afforded appellants in this case to comply with Rule 84.04 by the filing of a second brief was greater than that given the appellant in the landmark case of Ambrose v. M. F. A. Co-Operative Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647, decided almost twenty years ago. There the respondent moved to dismiss the appeal because of the insufficiency of appellant's brief, particularly (as in this case) the nature and basis of the alleged error claimed to have been committed by the trial court. The disposition of respondent's motion to dismiss is not stated in the opinion but in Division No. 1 an opinion was written affirming the trial court's decision, in which the deficiencies in the appellant's brief were fully stated. Because of a dissent, the case was transferred to the Court in Banc. Appellant did not file a new brief in the Court in Banc, as he might have done, and the appeal was dismissed. In his concurring opinion Judge Hyde said (l. c. 650) " * * * it is reasonable to say that this Court should not continue to help those who will not help themselves after having ample opportunity to do so." And what was noted by Chief Justice Conkling in his concurring opinion (l. c. 651) is now applicable to the situation which now confronts this court: "With the volume and character of litigation which now comes to this Court it seems more imperative than it has ever been that counsel comply * * * " with Rule 84.04.

It follows from what we have said that this appeal must be dismissed. It is so ordered.

All concur.