**Bennie J. KERR, Respondent,**

**v.**

**EHINGER, INC., d/b/a C. S. Ehinger Hauling Company and Commercial Union Insurance Company, Appellants.**

**No. KCD 26998.**

Missouri Court of Appeals,
Kansas City District.

Nov. 4, 1974.

Fred H. Metcalf, Kansas City, for Commercial Union Ins. Co.

L. R. Magee, Kansas City, for C. S. Ehinger.

Henry A. Panethiere, Joseph R. Hachey, Kansas City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM.

This appeal has its roots in a judgment entered by the Circuit Court of Jackson County affirming a final award of the Industrial Commission of Missouri which awarded respondent a "total aggregate amount of $8,750.00" for the loss of sight in his right eye as the result of an accident arising out of and in the course of his employment as an alleged "statutory employee" within the meaning of Section 287.040, RSMo 1969, V.A.M.S. The alleged statutory employer and its insurer lodged a timely appeal.

The joint brief filed in this court by the "employer" and "insurer", as appellants, purports to raise two "points" entitling them to appellate relief:

> "Is the claimant, Bennie Kerr, a statutory employee of C. S. Ehinger, or was he the employee of a salvage customer of C. S. Ehinger?"

> "Was there abuse of discretion by the referee in permitting a witness to testify after violating the rule against exclusion of witnesses?"

Subparagraphs (a) and (d) of Rule 84.04, V.A.M.R., clearly, succinctly and without equivocation require that an appellant's brief ". . . shall contain . . . [t]he points relied on . . ." and that ". . . the points relied on shall state briefly and concisely what actions or rulings . . . are sought to be reviewed and *wherein and why they are claimed to be erroneous . . .*". (Emphasis added.) Rule 84.04 applies with equal vigor to appeals generated under the Workmen's Compensation Act. Biggs v. Loida, 488 S.W.2d 932 (Mo.App.1972).

■■ It is patently obvious that the two "points" purportedly raised by appellants in their brief violate both the letter and spirit of Rule 84.04. Cases holding that mere abstract statements fail to properly isolate and formulate points on appeal are legion. For example see: Chase Realty Company v. Dorel Company, 437 S.W.2d 65 (Mo. 1969); Hamil v. Hamil, 488 S.W.2d 300 (Mo.App.1972), and Kansas City v. Garza, 493 S.W.2d 659 (Mo.App.1973). The purported points in question fail to rise even to the level of abstract statements. At best, they merely pose abstract questions. As such, they neither state "the points relied on" or "wherein and why" any alleged error was committed. The vice of the purported point goes beyond mere semantic criticism. Their vice lies in the fact that they defeat every salutary purpose that Rule 84.04 was drafted to serve.

Rule 84.04 is embedded in practicality— not the least of which is to facilitate and expedite the appellate case load. Events contributing to the ever increasing appellate case load are well-known and too numerous to mention. Suffice it to say, the greatly increased volume of appellate cases has become a present reality rather than a speculative myth. The appellate courts of this state, if they are to meet the responsibility imposed upon them due to their vastly increased dockets, must, in all good conscience, utilize every available tool that is geared for the just and expeditious disposal of appellate cases. Adherence to Rule 84.04 is surely such a tool.

The exigencies brought about by the increased appellate case load drive home the stark reality that appellate courts may no longer indulge the bar with the luxury of imploring it to comply with appellate rules of procedure and warning of possible sanctions for failure to comply. It has become quite evident that prior implorations and warnings have been of no avail. The time has arrived when appellate courts, through no design of their own, are faced with selecting one of two courses. They must either enforce the rules of appellate procedure as written or beg and cajole the bar to comply with them. The latter constitutes a completely unsatisfactory alternative. Consequently, there is no escape from the former as the course that must be taken.

Rule 84.04 is neither illegible or abstruse and compliance with it places no undue burden on the bar. When it is violated this court can only conclude that it was never read, or, if read, that its violation was intentional or done with calculated indifference. When compliance with Rule 84.04 is ignored, properly briefed appeals must be deprived of their fair share of appellate attention and consideration. This is an inexorable result because an inordinate amount of time is required at the appellate level to sift the record and argument portion of erring briefs to flesh out the derelict points. The extra time required to do so has to come from somewhere, and, as pointed out, the increased appellate case load leaves no alternative but to rob that time from the properly briefed appeals. Thus, the properly briefed appeals are penalized by the improperly briefed appeals. This alone, absent any other reasons, makes it impossible for this court to perceive any justification for continuing to ignore non-compliance with Rule 84.04. A continuing policy of self-imposed appellate judicial blindness to non-compliance with Rule 84.04 can only serve to compound the gross inequity that arises from penalization of properly briefed appeals.

Since appellants purported "points" on appeal are grossly violative of subparagraphs (a) and (d) of Rule 84.04, this court, in good conscience, feels compelled to dismiss this appeal sua sponte. Hughes v. Wilson, 485 S.W.2d 620 (Mo.App.1972) and Butterbaugh v. Public Water Supply District No. 12 of Jackson County, Missouri, 512 S.W. 2d 445 (Mo.App.1974).

Accordingly, the appeal is dismissed.