**Blaine HINES and Anna Maude Hines, Plaintiffs-Respondents,**

v.

**James Henry SWEET, Defendant-Appellant.**

**No. 9664.**

Missouri Court of Appeals, Springfield District.

Jan. 24, 1975.

or should have swerved in either direction."

We were initially inclined to dismiss this appeal because the points in the defendant's brief are mere abstract statements of law and fall far short of compliance with Rule 84.04(d), V.A.M.R. However, in view of the brevity of the transcript and our ability to glean from the argument portion of the defendant's brief the "wherein[s] and why[s]" he contends the ruling of the trial court was erroneous, we have reluctantly decided to review the action of the trial court, rather than enter an order of dismissal. The bar should read with care the recent case of Kerr v. Ehinger, Inc., 515 S.W.2d 763 (Mo.App.1974), in which our Kansas City brethren, sua sponte, dismissed the appeal of appellants therein by reason of their failure to comply with Rule 84.04. We are in complete agreement with the views expressed in *Kerr*.

We have carefully examined the transcript and find ourselves in agreement with the trial court that the evidence failed to support the submission of the decedent's failure to swerve. Guess, speculation and conjecture as to speed, distance, position and time do not rise to the dignity of the requisite evidence to support an assignment of negligence. No error of law appears and a detailed opinion would be of no precedential value.

In view of the foregoing we do not deem it necessary to consider plaintiffs' additional charges that the evidence did not warrant submission of the remaining assignments of contributory negligence [failure to keep a careful lookout, or failing to stop or slacken speed].

Buehner & Buehner, L. R. Buehner, Charles Buchanan, Joplin, for plaintiffs-respondents.

Blanchard, Van Fleet, Robertson & Dermott, Jon Dermott, Joplin, for defendant-appellant.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

BILLINGS, Chief Judge.

This is a suit by the plaintiffs-parents for the wrongful death of their daughter. The jury returned a verdict for the defendant but the trial court granted plaintiffs' motion for a new trial for error in giving a contributory negligence instruction tendered by the defendant. The ruling below was that the disjunctive submission of the decedent's failure to swerve constituted error for the reason there was "no creditable evidence that she could have

The judgment is affirmed. Rule 84.16, V.A.M.R.

All concur.