William H. LONG and Bessie Long, Plaintiffs-Appellants,

v.

Kenneth LINCOLN, Defendant-Respondent.

No. 9846.

Missouri Court of Appeals, Springfield District.

Sept. 26, 1975.

James A. Dunn, Carthage, for plaintiffs-appellants.

Edison Kaderly, Lamar, for defendant-respondent.

Before STONE, P. J., and HOGAN and TITUS, JJ.

TITUS, Judge.

Plaintiffs orally listed their farm for sale with defendant, a real estate agent. Defendant obtained buyers therefor and the land was sold for $90,000. A dispute arose as to the amount of the sales commission due defendant. Plaintiffs instituted this declaratory judgment action (Rule 87) contending the listing was conditioned upon

their receiving not less than $88,800, which would give defendant a commission of $1,200 for his services, but that defendant was claiming a 5% commission or $4,500. Defendant agreed with plaintiffs' explanation of the dispute and counterclaimed for a $4,500 commission. The trial judge to whom the cause was tried entered judgment declaring defendant was entitled to a commission of $4,500. Plaintiffs appealed.

The lone point relied on by plaintiffs in their appeal is: "When a special contract exists and a realtor agrees to sell real estate for a net price to his principal, the realtor is bound by his contract and cannot in the absence of bad faith on the part of the seller or a waiver of the right to insist upon the strict terms of the agreement receive any commission based upon the total sales price." Defendant says this point violates Rule 84.04(d) and saves nothing for appellate review. We agree.

Requirements of Rule 84.04(d) must be strictly applied [*Associates Discount Corp. of Iowa v. Fitzwater*, 518 S.W.2d 474, 477[2] (Mo.App.1974)], are mandatory [*M & A Electric Power Cooperative v. Nesselrodt*, 509 S.W.2d 468, 470[1] (Mo.App.1974)], and applicable to appellate review of court-tried cases. *Freshour v. Schuerenberg*, 495 S.W.2d 116, 118[8] (Mo.App.1973). A point, such as that penned in plaintiffs' brief, which is nothing more than a mere abstract statement of law, is a clear violation of the rule and preserves nothing for review because it does not undertake to relate wherein and why the court allegedly erred in any respect. *Hines v. Sweet*, 518 S.W.2d 710, 711[1] (Mo.App.1975); *Kerr v. Ehinger, Inc.*, 515 S.W.2d 763, 765[2] (Mo.App.1974); *Safe-Buy Real Estate Agency, Inc. v. Hemphill*, 498 S.W.2d 599, 601[4] (Mo.App.1973).

We would be well within our rights to dispatch the appeal for violation of Rule 84.04(d). Nevertheless, since the transcript on appeal and the briefs are lean, we have, ex gratia, conned them all. Suffice it to say that proper determination of the cause rests wholly upon whether the oral testimony adduced by plaintiffs or that produced by defendant is to be believed. Upon presentment of such a situation, we "heed the well fixed principle that in court tried cases where the evidence conflicts sharply, appellate courts resolve the conflict by according due deference to the trial court because of its superior opportunity 'to observe the conduct and demeanor of the parties and their witnesses and to weigh, evaluate and assess their testimony' " [*Pittman v. Great American Life Insurance Co.*, 512 S.W.2d 857, 861–862[7] (Mo.App.1974)], and because the trial judge has leave to disbelieve all the testimony of any witness [*Southwestern Bell Tel. Co. v. Crown Insurance Co.*, 416 S.W.2d 705, 711[6] (Mo.App.1967)] or to believe part of a witness' testimony and reject the rest. *North Side Finance Co. v. Sparr*, 78 S.W.2d 892, 894[4] (Mo.App.1935). With due honor to that tenet, we order the judgment nisi affirmed.

All concur.