In the Matter of the ESTATE of Clarence C. LANGFORD, Deceased.

Appeal of Pauline COONROD, Administratrix.

No. 9919.

Missouri Court of Appeals, Springfield District.

Oct. 7, 1975.

James L. Paul, Abe R. Paul, Pineville, for administratrix-appellant.

Robert W. Evenson, Pineville, for respondent Carmen E. Langford.

Before STONE, P. J., and HOGAN and TITUS, JJ.

PER CURIAM:

Intestate's widow claimed a year's maintenance allowance (§ 474.260–1)[1] in the Probate Court of McDonald County which denied the claim on the theory that the widow was not entitled to share in the estate because of a postnuptial agreement executed by the widow and the decedent. § 474.120. The widow appealed (§ 472.160) to the Circuit Court of McDonald County. § 472.200. That tribunal court-tried the case and on December 20, 1974, entered judgment remanding the cause with directions to the probate court to grant the widow a year's support in such sum as the probate court should find to be reasonably necessary for the purpose. Administratrix filed a motion for a new trial. When that was overruled December 27, 1974, she filed a notice of appeal "from the Judgment entered in this action on the 27 day of December 1974."

The order overruling the motion for a new trial is not appealable. § 512.020; *Mills v. Berry,* 395 S.W.2d 228, 231[8] (Mo. App.1965). The appeal should have been taken from the judgment entered December 20, 1974—not from the order of December 27, 1974, overruling the new trial motion. *World Franchisers, Inc. v. Birk,* 456 S.W.2d 606, 607 (Mo.App.1970). Nonetheless, as we attribute to administratrix a good faith effort to appeal from the actual judgment, her notice of appeal will be so treated. *Dors v. Wulff,* 522 S.W.2d 325, 326[1] (Mo.App.1975).

In the third section of her brief, entitled "Points and Authorities,"[2] administratrix asserts the trial court erred in ruling for the widow (1) "in that the post-nuptial contract was a valid, binding agreement between the parties," (2) "since there was a full disclosure, the agreement was fair and equal consideration was given the [widow]", and (3) "since the [widow] was not overreached or under duress at the time the agreement was executed." In a fourth and final "point," the administratrix says the trial court "erred in admitting into evidence the guardianship file of [decedent] as it is irrelevant to the pending case."

The just recited "points" prompted the widow to move this court to dismiss the appeal for administratrix's failure, inter alia, to meet the requirements of Rule 84.-04(d) which must be strictly applied [*Associates Discount Corp. of Iowa v. Fitzwater,* 518 S.W.2d 474, 477[2] (Mo.App.1974)], are mandatory [*M & A Electric Power Cooperative v. Nesselrodt,* 509 S.W.2d 468, 470[1] (Mo.App.1974)], and applicable to review of court-tried cases. *Freshour v. Schuerenberg,* 495 S.W.2d 116, 118[8] (Mo.App.1973).

Rule 84.04(d) demands of an appellant to state under "Points Relied On" not only what actions and rulings of the trial court he seeks to have reviewed, but

---

1. References herein to statutes and rules are to RSMo 1969, V.A.M.S., and to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R.

2. Rules 84.04(a) and (d) indicate the third section of an appellant's brief should bear the title "Points Relied On."

also to elucidate as to wherein and why those rulings and actions are claimed to be erroneous. *Kerr v. Ehinger, Inc.*, 515 S.W.2d 763, 764 (Mo.App.1974). Cases are legion which hold that mere abstract statements included in the points relied on fail to properly isolate and formulate either the actions and rulings sought to be reviewed or the reasons wherein and why those rulings and actions are claimed to be wrong. E. g., *Chase Realty Company v. Dorrel Company*, 437 S.W.2d 65, 66[1] (Mo.1969); *Hamil v. Hamil*, 488 S.W.2d 300, 301[3] (Mo. App.1972). The rule envisions particularization of error assignments in points relied on and is not satisfied by reference to the argument portion of the brief as we are not obliged to trod that field to ascertain what administratrix intended or should have stated in her points. *Lawson v. Cooper*, 475 S.W.2d 442, 447[7, 8] (Mo.App.1972).

 Under the points as written by administratrix, wherein and why the contract was a valid binding agreement, wherein and why there was full disclosure, wherein and why the agreement was fair, wherein and why equal consideration was given the widow, wherein and why the widow was not overreached or under duress, or wherein and why the guardianship file was irrelevant is left to conjecture and for us to ponder and guess. The brief is wholly inadequate to advise us how administratrix conceives these abstractions demonstrate wherein and why the trial court allegedly erred in applying the law to the facts or vice versa. *Kerr v. Grand Foundries, Inc.*, 525 S.W.2d 783, 785[3] (Mo.App.1975).

The widow's motion is well taken and is sustained. The appeal is, therefore, dismissed.

All concur.