**ALLSTATE INSURANCE COMPANY,**
Appellant,

v.

**The GAS SERVICE COMPANY,**
Respondent.

No. KCD 28538.

Missouri Court of Appeals,
Kansas City District.

April 4, 1977.

Robert J. Graeff, Kansas City, for appellant.

Charles E. Patterson, Robert B. Best, Jr., Kansas City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

PER CURIAM.

The plaintiff Allstate Insurance Company brought an action against the defendant Gas Service Company as successor to the cause of action of an insured for damage done to premises from an explosion caused by the negligence of the utility and paid by the insurer under the terms of a policy.

At the trial there was proof that the insured, in consideration of payment made under the policy, gave a receipt which subrogated the insurer to all claims which the insured was entitled to bring for the loss, and which empowered the insurer to sue in the name of the insured. There was also proof that some time later the insured made first an oral, then a written, assignment of the entire cause of action to the plaintiff Allstate.

At the conclusion of the evidence for the insurer, the defendant moved for a directed verdict on grounds that the plaintiff was not the proper party to bring the action and that the plaintiff had failed to establish a measure of damage. The motion was overruled and the trial went to conclusion. The jury found the issues for the plaintiff and assessed damages. The defendant thereafter moved for judgment notwithstanding the verdict and, alternatively, for a new trial in accordance with the prior motion for directed verdict.

The court responded by entry of judgment for the defendant on the express ground that all the evidence showed that the plaintiff Allstate was not the real party in interest but only a subrogee—or at best an assignee of part of the causes of action which accrued to the insured from the explosion. The court also sustained conditionally the motion for new trial on the ground that damages were not proved and so the verdict was against the weight of the evidence.

The plaintiff does not challenge the entry of judgment for the defendant, but only the grant of a new trial. According to the effect of Rule 72.01,[1] however, when the trial court conjoins the grant of judgment notwithstanding the verdict with a new trial, the order for the new trial does not become a vital subject for review unless the appeals court has first determined that the entry of judgment was error. If that

---

1. Rule 72.01: "(b) . . . A motion for new trial may be joined with this motion [for judgment in accordance with . . . motion for a directed verdict], or a new trial may be prayed for in the alternative . . .

   (c) . . .

   (1) If the motion for judgment notwithstanding the verdict . . . is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed

   (2) The party whose judgment has been set aside on the motion for judgment notwithstanding verdict, may upon appeal from the resulting adverse judgment, *in addition to urging that the trial court erred in sustaining the motion for judgment notwithstanding the verdict, also brief and argue and the appellate court may determine, whether the appellant is, in any event, entitled to a new trial.*" (Emphasis added)

judgment stands, then, any error in the order for new trial becomes superfluous on appeal and simply is not reached. The failure to claim that the judgment for defendant notwithstanding the verdict was error confesses that the plaintiff was not a party aggrieved within § 512.020, RSMo 1969 and so without standing to invoke review.

■ We may assume for our purposes that the first point relied on in the brief of respondent that

> [t]he trial court erred in granting defendant's Motion for New Trial on the basis plaintiff was not the real party in interest because the testimony established that although this was only a partial assignment, the Statute of Limitations had tolled and the property owner testified he "took the loss on the chin"

by inadvertence misstates *motion for new trial* for *judgment for defendant notwithstanding the verdict.* Even so, the brief neglects Rule 84.04(c) and 84.04(h) and thus the points on appeal do not engage our review. If [in addition to the failure to appeal from the entry of an adverse judgment], we pass for this determination, the obvious shortcomings of the statement of facts as the basis for a fair determination of the issues and the questionable validity of the *points on appeal* as statements and contentions of the trial errors, we must dismiss the appeal nevertheless because the arguments on the points relate neither to competent transcript references nor to legal precedents.

■ The first point attempts to assign error to the judgment by the contention that the plaintiff, although assignee of only part of a cause of action, was nevertheless the real party in interest because whatever elements of that cause otherwise remained by the assignment to the benefit and use of the assignor-insured lapsed by operation of the statute of limitations. This contention, however plausible in the statement, finds support in neither the evidence nor any citation of law. The emphasis we make is that the solitary transcript reference in the argument on that point—to the effect that the insured had resolved to suffer the loss rather than assert whatever claim for damage remained to them after the assignment—describes a compass of testimony excluded by the trial court on objection. Evidence refused by the trial court establishes no probate datum and cannot be such a "statement of fact" which will support the argument for a point on appeal within Rule 84.04(c) and (h).

The terse [two paragraph] argument on that point cites one decision with any ostensible relevancy to the general subject, and even that, only abstractly. In short, the exposition gives no assistance to the determination of the recondite question [see, e. g., *Holt v. Myers,* 494 S.W.2d 430 (Mo.App. 1973); *Kroeker v. State Farm Mutual Automobile Insurance Company,* 466 S.W.2d 105 (Mo.App.1971)]: whether the transactions between the insurer and insured resulted in a subrogation of equitable right or an assignment—partial or complete—of legal right, as it bears on standing to maintain a cause of action against the defendant. The failings of the argument in this respect stem directly from the inadequate formulation of the statement of the point itself. *Kerr v. Ehinger, Inc.,* 515 S.W.2d 763, 765[2, 3] (Mo.App.1974). Our effective review would be possible only as advocate, an undertaking both unseemly and improper.

We do not reach the second contention which relates to the conditional judgment for new trial because the consequence of our disposition of the first point is to affirm an unconditional entry of judgment for defendant.

The appeal is dismissed.