Charlene BRADFORD, Guardian of the Person and Estate of Maynard C. Walker, Incompetent, Respondent,

v.

Ada Marie MASTERSON, Mae L. Walker, Shirley Mae Cosgrove, Edna Lucille Harvey, Vickie Conners, Judy Johnson, Ricky Walker and Debbie Walker, Appellants.

No. 11180.

Missouri Court of Appeals,
Southern District,
Division Four.

March 7, 1980.

**76**

Robert Stemmons, Mt. Vernon, for respondent

Terry L. Hickman, Kansas City, for appellants.

GREENE, Judge.

On June 29, 1977, Maynard C. Walker was declared incompetent by the Probate Court of Lawrence County, Missouri, and Charlene Bradford was appointed guardian of his person and estate. On November 15, 1977, Charlene brought a circuit court action to set aside a warranty deed to real estate made by her ward on September 16, 1976, on the grounds that Maynard was incompetent on the day the deed was executed by him. The petition also alleged that the deed was obtained by its grantees through undue influence. Defendants named in the suit were Mae L. Walker, the divorced wife of Maynard's deceased brother, Millard, Millard's daughters, Ada Marie Masterson, Edna Lucille Harvey and Shirley Mae Cosgrove, and Millard's grandchildren, Vickie Conners, Judy Johnson, Rickie Walker and Debbie Walker.

After hearing evidence, the trial court issued a memorandum opinion in which it found that Maynard C. Walker ("Shorty") was mentally incompetent on September 16, 1976, and further found that on such date Maynard was subject to the undue influence of his brother. The trial court's judgment set aside the deed in question and vested fee simple title to the real estate in Maynard C. Walker, incompetent. This appeal followed. We affirm.

■ The sole point of error raised by appellants, on appeal, is that the trial court erred in overruling appellants' motion for directed verdict, filed at the close of plaintiff's case in chief and at the close of all the evidence. Appellants contend that the judgment is not supported by clear, cogent and convincing evidence and, in fact, that it is totally against the weight of the evidence. The point, as presented, does not comply with the requirements of Rule 84.-04(d), V.A.M.R., as it does not state briefly and concisely "wherein and why" the action and ruling of the trial court are claimed to be erroneous. The rule is to be strictly construed. *Matter of Estate of Langford*, 529 S.W.2d 31, 32 (Mo.App.1975). An assignment of error, that a judgment is against the weight of the evidence preserves nothing for review. *State v. Jackson*, 477 S.W.2d 47, 53 (Mo.1972); *State v. Brown*, 554 S.W.2d 574, 580 (Mo.App.1977); *Willsey v. W. C. Porter Farms Co.*, 522 S.W.2d 29, 30 (Mo.App.1975). The point was not properly preserved. Plain error review under Rule 84.13(c) is not justified, as the record shows that plaintiff, at time of trial, introduced clear, cogent, and convincing evidence that Maynard C. Walker was mentally incompetent at the time of the execution of the deed on September 16, 1976, and that undue influence was exerted upon him to induce him to sign it. The trial court's findings and judgment were correct, and, therefore, did not result in manifest injustice or a miscarriage of justice.

The judgment is affirmed.

MAUS, P. J., and PREWITT, J., concur.