S.C.S., Appellant,

v.

P.J.S., Respondent.

No. 11424.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 10, 1980.

David G. Neal, Eminence, for appellant.

Jasper N. Edmundson and Bradley J. Baumgart, Poplar Bluff, for respondent.

PER CURIAM.

This case involves a judgment of the trial court in a dissolution action, which awarded custody of the parties' minor son to respondent P.J.S. Petitioner S.C.S. appealed.

The evidence before the trial court was conflicting, and consisted mainly of a swearing match between the parties. Each professed a love for the child, wanted custody, and promised to provide a proper home environment. Past history of the problems of the parties during the marriage was disturbing. They resorted to physical violence to resolve conflicts. Many of these episodes took place in the presence of their two–year–old son. Petitioner and respondent had both been convicted of possession of marijuana. Each accused the other of sexual infidelity during the marriage.

There was evidence that the child during the marriage of the parties, which lasted from July 18, 1975 until June 22, 1979, spent approximately 50% of the time with his paternal or maternal grandparents. The child lived with respondent from September of 1978 until March 13, 1979, when the dissolution hearing was held. There was evidence that the child was happy and healthy while in her custody, that she loved the child, that she had a proper home in which to raise the child, and that she planned to continue to live in the Van Buren, Missouri area, where the families of both parties resided.

After hearing, the trial court awarded respondent custody of her son, and granted petitioner certain visitation rights, which are not a real issue here. The trial court did not file any written findings of fact or conclusions of law in support of its judgment, and none were requested.

On appeal, petitioner relies on two points which are 1) "The trial court erroneously declared the law and erroneously applied the law by giving too much emphasis to the 'tender years presumption' and awarding the custody of the minor child of the parties to respondent when it is in the best interest of the child that his custody be awarded to appellant", and 2) "Judgment of the trial court was against the weight of the evidence because the evidence presented at trial, considered in its totality, tended to show the father to be more suited for custody of the child."

As written, both points relied on are mere abstract statements as they fail to specify what evidence, or lack of it, made any action or ruling of the trial court erroneous. *Carrell v. Carrell*, 503 S.W.2d 48, 50 (Mo.App. 1973). Rule 84.04(d), V.A.M.R., requires that a point relied on state briefly and concisely "wherein and why" the action or ruling of the trial court is supposedly erroneous. The rule is to be strictly construed, and by not conforming to it, peti-

tioner has not preserved anything for review on appeal. *Bradford v. Masterson*, 596 S.W.2d 75, 76 (Mo.App. 1980).

Plain error review, as is authorized by Rule 84.13(c), in certain cases, is not justified here, as a reading of the transcript does not indicate that manifest injustice or a miscarriage of justice occurred by reason of any action or ruling of the trial court. The judgment here was supported by substantial evidence, was not against the weight of the evidence, and was not the result of any erroneous declaration or application of law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In this case, the trial judge was faced with a hard choice, but in child custody cases, he rarely enjoys the luxury of deciding between a good choice and a bad one. More often, he must decide the question on the basis of which is the lesser of two evils, in the hope that the parent who gains custody will realize the importance of parenthood, and the responsibilities that go with being custodian of a minor child. His decision in that regard must be based, to a great extent, on his impression of the character of the parties and their witnesses–factors more apparent to him than to us. *Moore v. Moore*, 429 S.W.2d 794, 797 (Mo. App. 1968). Such was the case here.

It is evident in this case that the child's mother, as well as its father, was derelict in the past in discharging her duties as a parent. It is also evident that she was attempting to bring stability into her life, and to properly provide for her son. The trial judge, who knew that the placement of the child with the mother could be reviewed at any future time, either by juvenile court proceedings or by a motion to modify custody, in the event she did not live up to her responsibility as a parent, decided that it was in the best interest of the child, at the present time, to place custody with his mother. We cannot in good conscience, under the law, say that his decision to do so resulted in manifest injustice or miscarriage of justice.

The judgment is affirmed.

All concur.