**COMMERCE BANK OF POPLAR BLUFF, A Banking Corporation, Plaintiff-Respondent,**

v.

**Dale BULGER, Joann Bulger, Everett Allen and William E. Stout, Jr., Defendants,**

**and**

**Harold Speer, Intervenor-Appellant.**

No. 12028.

Missouri Court of Appeals, Southern District, Division Three.

April 6, 1981.

Russell A. Ward, Hyde, Purcell, Wilhoit, Edmundson & Merrell, Poplar Bluff, for plaintiff-respondent.

No appearance for defendants.

L. Joe Scott and Daniel T. Moore, Poplar Bluff, for intervenor-appellant.

BILLINGS, Presiding Judge.

Action in replevin and counterclaim by intervenor. Trial was to the court and judgment entered in favor of plaintiff Commerce Bank of Poplar Bluff. Intervenor Harold Speer filed this appeal, contending the judgment was against the weight of the evidence. We affirm.

 Our review is governed by Rule 73.01, V.A.M.R., as set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), and we are not to disturb the lower court's judgment unless it is against the weight of the evidence, is not supported by substantial evidence, or erroneously declares or applies the law. Before we conclude a judgment in a court-tried case is against the weight of the evidence we must entertain a *firm belief* the judgment is wrong. And, we are to give due regard to the opportunity to the trier of fact to have adjudged the credibility of the witnesses. The trial court's resolution of conflicting evidence is to be accorded due deference by the reviewing court. *Trenton Trust Co. v. Western Sur. Co.*, 599 S.W.2d 481 (Mo. banc 1980).

Here, there was conflicting evidence as to the ownership of the Model 4840 John Deere tractor which was given as security by Mr. and Mrs. Dale Bulger to plaintiff Commerce Bank of Poplar Bluff to secure certain indebtedness. The Bulgers claimed to own the tractor as the result of having traded another tractor to Speer and receiving the Model 4840 in return. Speer denied such a transaction took place and claimed ownership of the Model 4840 tractor.

There was evidence that in 1977 the Bulgers purchased a Model 4630 John Deere tractor from Speer which was leased back to him. The sum of $15,000, a portion of the purchase price, was obtained by the Bulgers by way of a loan from plaintiff. The bank official who handled the transaction testified Speer was present at the bank when the sale was discussed and the balance of the purchase price, in cash, was handed over to Speer. Speer, at the time, executed a lien release statement for this

tractor. The tractor was described in the security agreement given by the Bulgers to the plaintiff. Thereafter, in 1978, according to Bulger, Speer defaulted on lease payments and Bulger took possession of the Model 4630 tractor. A short time later Speer offered to trade Bulger the newer Model 4840 tractor in exchange for the Model 4630 tractor and satisfaction of the delinquent lease payments. Plaintiff agreed to substitute the Model 4840 tractor as security and the trade was consummated. Bulger then leased the newer tractor to Speer for the latter's farming operations in Arkansas. When Speer failed to make the lease payments in 1979 Bulger obtained possession of the Model 4840 tractor by self-help.[1] The bank official also testified that prior to Bulger taking possession of the tractor he had telephoned Speer inquiring as to the location of the tractor. He stated Speer denied he had ever owned a Model 4840 tractor, that there was no such tractor on his farm, and the Model 4840 tractor was in Bulger's possession at another farm.

Speer's evidence was that he had purchased the Model 4840 tractor but had never sold, leased or traded it. He said the transaction at plaintiff bank only involved the sale of two 9-yard dirt scoops and denied the testimony of the Bulgers and the bank official as to their account of the conversation and events that took place at the bank. He also denied having sold Bulger a Model 4630 tractor, denied giving the bank official the serial number of that tractor, did not recall signing the lien release statement, and said the signature on the statement was not his. He also testified that he had never leased any tractors from Bulger.

There was no documentary evidence of sales or leases between Bulger and Speer offered in evidence. According to Bulger and his wife the original tractor purchase from Speer and lease payments actually made by him were cash transactions. Speer acknowledged that the $15,000 he received in the presence of the bank official was, at his request, paid over to him in cash.

In its judgment the experienced trial judge found, inter alia, that Speer sold the Model 4630 tractor to the Bulgers; that to secure their indebtedness to plaintiff bank the Bulgers signed a security agreement and financing statement covering the Model 4630 tractor; that the Bulgers traded the Model 4630 tractor to Speer for the Model 4840 tractor under an oral agreement and the Model 4840 tractor was substituted as security for the Bulgers' indebtedness to plaintiff bank. The court further found and adjudged that plaintiff was entitled to the possession of the Model 4840 tractor.[2]

As noted earlier herein, the conflicts in the evidence were for the trial court to resolve and the facts must be taken in accordance with the result reached by the trial court. *Trenton Trust Co. v. Western Sur. Co.*, supra, at 483. The court was at liberty to believe all, part or none of the testimony of any witness. *Long v. Lincoln*, 528 S.W.2d 512 (Mo.App.1975). From its finding and judgment it is clear the trial court believed plaintiff's evidence, rather than intervenor's. We defer to his findings and conclusions.

The judgment is affirmed.

All concur.

---

1. The record reveals that Bulger was prosecuted in Arkansas for stealing the Model 4840 tractor. He was acquitted. Further, that Speer had been paid under a theft policy for this tractor.

2. Replevin is essentially a possessory action but title or ownership may become involved incidentally as it may tend to show right of possession. *Fawley v. Bailey*, 512 S.W.2d 477 (Mo.App.1974).