**Wesley B. YOST, Plaintiff-Appellant,**

v.

**HOUSEHOLD FINANCE CORPORATION, Defendant-Respondent.**

**No. 24777.**

Kansas City Court of Appeals. Missouri.

Dec. 4, 1967.

Howard D. Lay of Morris, Lay & Tarver, Kansas City, for appellant.

Bellemere & Bellemere, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff sued defendant for wrongful attachment and garnishment. He had a verdict and judgment for actual damages in the sum of $500.00, and for exemplary damages in the sum of $1,500.00. Defendant counterclaimed for the unpaid balance of a note and chattel mortgage and the verdict was for plaintiff on that issue and defendant did not appeal. After the filing of motion for new trial by defendant the court ordered "that the motion for new trial is overruled if plaintiff makes remittance in the sum of one thousand five hundred ($1,500.00) dollars (being punitive damages awarded by the jury) of the total verdict of two thousand ($2,000.00) dollars. If plaintiff does not make such remittance on or before February 13th, 1967, defendant's motion for new trial will be sustained on the ground that the verdict is so excessive, in view of the award of punitive damages, as to show bias and prejudice on the part of the jury". Plaintiff refused to remit and appealed.

The facts necessary to a disposition of this appeal are not in dispute. The question presented here is really one of law. Jones v. Phillips Petroleum Co. (Mo.App.), 186 S.W.2d 868, 875.

Plaintiff was a citizen and resident of Kansas City, Kansas, for many years, prior to 1956. He continued to reside there at the time this law suit was tried. Defendant was engaged in the small loan business in Kansas City, Kansas; Kansas City, Missouri and in other states with general offices at Chicago. It had assets of several million dollars. In 1956 plaintiff and his wife executed a promissory note in the amount of $1,248.00, payable to defendant in installments, and secured it by a chattel mortgage on furniture. Defendant's evidence established that it considered plaintiff a good customer. Installment payments were made on this obligation until sometime in 1958, when plaintiff became involved financially and filed a bankruptcy petition, which was later dismissed. With the knowledge and consent of defendant, plaintiff voluntarily sold the furniture to a third party for $213.00, which sum was paid to defendant and credited on plaintiff's note.

Plaintiff testified to the effect that, at the time this last mentioned transaction occurred, in the office of defendant in Kansas City, Kansas, defendant's agents marked his note "paid" and delivered it to him; and that, thereafter, plaintiff did not owe defendant anything. Defendant's evidence was to the effect that the old note was delivered to plaintiff but that a new note was executed for the remaining unpaid balance due on the original obligation. It was upon this claimed obligation that defendant based its counterclaim.

Plaintiff pleaded that defendant sued him on the above mentioned note, by attachment, in Jackson County, Missouri, and garnished wages due him from Yellow Cab Company, in Missouri; that he was not permitted to draw $28.45, due him as wages, from May 30, 1964, until the garnishment was released some days later. Plaintiff also pleaded the following provisions of Section 525.290, RSMo 1959, V.A.M.S., to-wit:

"525.290. GARNISHMENT OF WAGES—PERSONAL SERVICE UPON DEFENDANT REQUIRED—EXCEPTION—PETITION AND SUMMONS TO SHOW CAUSE OF ACTION.

"No wages shall be garnished in aid of attachment before personal service is had or obtained upon the defendant, unless the suit be brought in the county where defendant resides, or in the county where the debt is contracted and the cause of action arose or accrued, and in cities over one hundred thousand inhabitants in the city where the defendant resides or the debt is contracted and the cause of action accrued * * *".

See Rule 90.28.

Defendant concedes the force and effect of the statute. It also admitted that the note it sued on was executed by plaintiff in defendant's offices, in Kansas City, Kansas, and that Mr. Yost was, at that time, a citizen and resident of that city and state.

Plaintiff testified to the effect that, when his accrued wages were withheld under garnishment, he was without funds; that he had no funds for car fare and that he walked to defendant's office and requested the release of the garnishment; that defendant's agents refused to release same unless and until plaintiff should pay defendant $200.00, which he could not do; that he employed counsel at a preliminary charge of $35.00; that defendant still refused to release the garnishment; that he requested the magistrate court, where the suit was pending, to permit him to "file a paper" (enter his appearance) and release the garnishment, but that defendant's attorney refused to agree to this action and the court could not do it; that employees who overheard plaintiff and Yellow Cab's manager discuss the matter at the Yellow Cab's offices, began calling plaintiff "H.F.C", that plaintiff was humiliated and embarrassed thereby, and severed his employment; that, because he had no funds with which to pay rent, he left his lodgings and moved to the home of his parents; that the neighbors of his parents learned of his predicament, to his humiliation.

He testified at this trial that he did not owe defendant any sum of money at the time the former suit was filed and garnishment was issued. The verdict was for plaintiff on all issues, on the admissions of defendant and on the evidence offered by both parties. There was substantial evidence tending to support that verdict.

The court stated that the motion for new trial is "overuled if plaintiff makes remittitur" of the sum awarded as punitive damages. The court also stated that, if such remittitur was not made "defendant's motion for new trial will be sustained *on the ground that the verdict is so excessive,* * * * as to show bias and prejudice on the part of the jury". (Emphasis ours). In short, we think the court ordered the remittitur and granted a new trial because the verdict was so excessive as to indicate (as a matter of law) that it was the result of bias and prejudice.

In this court, defendant, in defense of the action of the trial court in ordering a new trial for the reason stated, contends that no submissible case was made on the issue of punitive damages, which issue was submitted under instruction 9. Defendant, in its motion for new trial, alleged error in the giving of instruction 9 because "the evidence did not show that defendant knew that its act was wrongful and that it did the act intentionally or that it did not act in good faith and intended thereby to injure plaintiff so as to amount to actual malice, and for the reason that there was no evidence to show legal malice on the part of defendant or that it acted wrongfully, willfully, or maliciously".

While defendant did so state under paragraph 4 of its motion for a new trial, it also stated, in paragraph 5, that the verdict is so excessive, in the light of the evidence as to punitive damages, as to show bias and prejudice on the part of the jury. The language used by the court, in its order would indicate that the court sustained the motion on the grounds stated in paragraph 5.

However that may be, we will rule this appeal on the contention here made by defendant, as stated in its brief. It does not attempt to justify the court's order on any other ground.

In support of its contention defendant cites Crull v. Gleb (Mo.App.), 382 S.W.2d 17, 23, where the court said:

"[13–15] In order for a plaintiff to recover punitive damages in Missouri, he must prove malice, either actual or *legal*. In actual malice, the action is motivated by hatred or ill will. *Legal malice* is the intentional doing of a wrongful act without just cause or excuse in reckless disregard of the rights of others. Zumwalt v. Utilities Insurance Co., 360 Mo. 362, 228 S.W.2d 750, 756; Reel v. Consolidated Investment Co., Mo., 236 S.W. 43, 46; Pashalian v. Big-4 Chevrolet Co., Mo. App., 348 S.W.2d 628, 636.

"The chief purpose of punitive damages is punishment to the offender, and a deterrent to similar conduct by others. State ex rel. Boswell v. Curtis, Mo.App., 334 S.W.2d 757, 761; Polk v. Missouri-Kansas-Texas Ry. Co., 351 Mo. 865, 174 S.W.2d 176, 180". (Emphasis ours).

The above is a correct statement of the law.

Defendant also cites the following language, quoted by the court, in Franta v. Hodge, (Mo.App.), 302 S.W.2d 291, 294:

" * * * '*The party must know that the act is wrongful*, and must do it intentionally without just cause or excuse. If he acts in good faith and in the honest belief that his act is lawful, he is not liable for punitive damages even though he may be mistaken as to the legality of his act.' * * *".
" * * *". (Emphasis ours).

And it cites Davis v. Nash Central Motors (Mo.App.), 332 S.W.2d 475, 480, as follows:

" * * * 'There must be, in order to justify punitive damages, some element of *wantonness* or bad motive, but if one intentionally does a wrongful act and knows at the time that it is wrongful he does it wantonly and with a bad motive.' * *". (Emphasis ours).

The note sued on, whether or not legally made, was made at defendant's office in Kansas City, Kansas. The files were kept in that office until some time prior to the institution of suit thereon in 1964. The original transaction took place in that office in 1956. Defendant's files disclosed that plaintiff resided at a given address in Kansas City, Kansas. Defendant's agents admitted in evidence that defendant had no information or knowledge that plaintiff ever had an address in Jackson County, and that no inquiry was made as to that matter. After the file was transferred to defendant's office in Jackson County, defendant caused its attorneys to institute suit by at-

tachment and caused garnishment to issue. It made no attempt to personally serve plaintiff with summons. It garnished his wages forthwith. Defendant admitted that it is a "National" small loan or finance company. It maintains one or more offices in Jackson County, Missouri, staffed with a number of employees. How can it be said, under this evidence, that it acted innocently or in ignorance of the law in direct violation of the statute we have quoted? Collecting of delinquent accounts is a part of its business, as the evidence indicated. It is subject to control by the statutory law of Missouri. The issue of punitive damages was properly submitted to the jury.

From substantial evidence in this case the jury could have found that defendant recklessly and wantonly violated the known legal rights of plaintiff and that he was actually damaged thereby. No complaint is made as to the $500.00 actual damages verdict and judgment. We cannot say that $1,500.00 is an excessive verdict as punitive damages, to deter defendant, a seven million dollar nationwide small loan corporation, from wantonly violating the legal rights of other clients who may, otherwise, become victims of such unlawful treatment. Jones v. Phillips Petroleum Co. (Mo.App.), 186 S.W.2d 868, 878.

The verdict is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

HOWARD, P. J., CROSS, J., and CHARLES SHANGLER, Special Judge, concur.

MORGAN, J., not participating because not a member of the Court when the cause was submitted.