Jo Anne SCHMIDT, Plaintiff-Respondent,

v.

CENTRAL HARDWARE COMPANY, a corporation, Defendant-Appellant.

No. 35749.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 6, 1974.

Motion for Rehearing or Transfer Denied
Dec. 6, 1974.

Application to Transfer Denied
Jan. 13, 1975.

James K. Pendleton, St. Louis, for defendant-appellant.

George R. Gerhard, St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

This is an appeal by defendant from a circuit court judgment of the City of St. Louis, Missouri, entered on a jury verdict, which awarded plaintiff both actual and punitive damages because defendant failed, on request, to furnish plaintiff a service letter. § 290.140, RSMo 1969, V.A.M.S.

From the evidence we find that plaintiff worked for defendant for five years. She began as a mail room clerk and later became the mail room supervisor. Shortly after her promotion to supervisor, plaintiff, because of a fall, filed a Workmen's Compensation claim. Thereafter, she fell from grace; she was constantly watched and criticized, and on April 2, 1970, she was terminated. The reason assigned for her discharge was that plaintiff constantly was away from her assigned area and misrouted the mail.

On April 6, 1970, plaintiff wrote a letter to defendant requesting a service letter that would show the duties performed by her, her length of service and a true statement of the cause as to why she left.

After her discharge, plaintiff sought employment at several companies, but she remained out of work until April, 1971. While no prospective employer refused plaintiff employment because she did not have a service letter, there is evidence, curiously enough, developed by the defendant on cross-examination, that plaintiff had been hindered by the lack of a service letter in obtaining employment. In other words, since plaintiff had been fired, she was denied the opportunity of filing an application because of a lack of a "service letter or reference."

Since it failed to send a service letter, defendant admits liability at least as to nominal damages. Other evidence, if needed, will be narrated in the opinion.

Initially, two questions are posed (1) is there evidentiary support for actual damages, and (2) if not, is defendant's admission of liability for nominal damages disproportionate to the punitive damage award of $20,000, voluntarily reduced to $15,000 by plaintiff?

Section 290.140, RSMo 1969,[1] passed in 1905 requires every corporation doing business in Missouri to issue to every employee who leaves the corporation after ninety days' service, a service letter. Issued upon the request of the employee, this letter must be signed by either the superintendent or manager of the corporation. It must set forth the duties performed by the employee, his length of service, and truly state the cause for the employee's leaving. Failure to issue such a letter upon request is not only a misde-

1. Laws 1905, p. 178.

meanor, but also gives rise to a cause of action for damages on the part of the employee. Nominal damages are recoverable upon a mere showing of liability, along with punitive damages, where there is evidence of either actual or legal malice. Bubke v. Allied Building Credits, Inc., 380 S.W.2d 516, 519, 522 (Mo.App.1964); Chrisman v. Terminal R. Ass'n of St. Louis, 237 Mo.App. 181, 157 S.W.2d 230, 235 (Mo.App.1942).

To recover substantial actual damages, plaintiff has to prove that either she sought and was refused employment by reason of her not having a service letter, Booth v. Quality Dairy Co., 393 S.W.2d 845, 848 (Mo.App.1965); Bubke v. Allied Building Credits, Inc., supra, or she was hindered in securing employment, Stephens v. Lever Bros. Co., 155 S.W.2d 540, 542 (Mo.App.1941). In our opinion, the refusal of prospective employers to accept plaintiff's application for work entitled plaintiff to substantial actual damages. Yet our inquiry may not end here.

Generally, actual damages are compensation for actual loss or injuries, Chappell v. City of Springfield, 423 S.W. 2d 810, 814 (Mo.1968) and must be proved with reasonable certainty, rather than left to speculation, Warner v. Southwestern Bell Telephone Co., 428 S.W.2d 596, 604 (Mo.1968). However, in our opinion, substantial actual damages under the service letter statute involves two factors (a) the period of time for which lack of employment or hinderance from obtaining employment is to be compensated and (b) the salary rate at which the loss should be compensated.

From the amount of the actual damage verdict, it is apparent to us that the jury compensated plaintiff for the entire period of her unemployment, i. e., at the hourly rate paid by defendant at the time of her discharge (52 x 40 x $2.85). Such a formula is inconsistent with the rationale underlying actual damages, generally and specifically, in service letter cases.

In the case of service letters, actual damages are to be awarded to compensate loss, if any, sustained by reason of a plaintiff's not having a service letter. Stated another way, defendant's failure to furnish plaintiff the statutory service letter must be the proximate cause of her damages. Consequently, besides proof that she was denied or hindered in obtaining employment by reason of not having a service letter, plaintiff has the burden to establish a reasonable basis from which her actual loss may be calculated. Here plaintiff proved that she was unemployed for one year; however, the record is barren as to the date she went to any specific prospective employer who refused her application because she had no "service letter or reference." If one of these dates had been shown, computation would commence at that point. But, even if we assume for discussion the date to have been shown, plaintiff's evidence was subject to another vice. This for the reason that no evidence was produced to show what the going salary rates were at any of her prospective employers who refused to accept her application. Reduced to its simplest terms, we hold that in a service letter case for substantial actual damages it is not enough for the claimant to show that he was either refused employment or hindered in obtaining employment because of a lack of a service letter, but he must also show (1) the approximate date when he was either refused employment or hindered, i. e., his application was unacceptable because of a lack of a service letter; and (2) the salary rate of the job of his prospective employer who had turned him away. Therefore, inasmuch as plaintiff offered no evidence as to the date of refusal of her application for employment by any of her prospective employers and the salary rate of any prospective employer for a job for which she was qualified, the court erroneously submitted the case to the jury for its consideration of substantial actual damages.

Defendant admitted of record liability to an award of nominal damages to plaintiff

as a result of its statutory breach of duty. See also Heuer v. John R. Thompson Co., 251 S.W.2d 980 (Mo.App.1952); Lyons v. St. Joseph Belt Ry. Co., 232 Mo.App. 575, 84 S.W.2d 933, 941 (1935) and Chrisman v. Terminal R. Ass'n of St. Louis, supra. In Heuer, we said, "It is true that plaintiff proved no actual damage, but having proved an invasion of her legal right, it was not necessary that she prove actual damages in order to be entitled to a verdict for $1 nominal damages . . . "

◼ In State ex rel. St. Joseph Belt Ry. Co. v. Shain, 341 Mo. 733, 108 S.W.2d 351, the court said that punitive damages may be assessed though the recovery of actual damages be only nominal. Keller v. Summers, 262 Mo. 324, 332, 171 S.W. 336; see also 33 A.L.R. 403. There is no fixed relation between the amount of actual damages and the amount of punitive damages awarded. They rest on different bases. Actual damages are compensatory and are measured by the loss sustained. Exemplary damages are inflicted by way of punishment for the doing of an act maliciously and are proportioned to the degree of malice or ciminality. But the award of punitive damages must not be entirely disproportionate to the actual damages. In this case, since plaintiff admits liability for nominal damages, the question then becomes whether the punitive damages allowed by the jury less the remittitur is so disproportioned to the actual damages as to be prohibitive. We think not. As in the Lyons case, supra, cited in State v. Shain, supra, the evidence showed that plaintiff was out of work for one year and prospective employers refused her application because she had no "service letter or reference," and the only reason she was not allowed substantive actual damages was because she failed to prove the date of the refusal and the salary rate of the job applied for. Likewise, our courts in Missouri hold that malice, either legal or actual, may be considered by the jury in determining its award of punitive damages. Legal malice exists where a wrongful act is intentionally done without just cause or excuse; whereas, actual malice or express malice exists when one with a sedate, deliberate mind and formed design injures another. Davenport v. Midland Building Company, 245 S.W.2d 460 (Mo.App.1951). Consequently, inasmuch as defendant never responded to plaintiff's request for a service letter, a jury could find legal malice which alone would support punitive damages. Equally important here, there is some evidence, if believed by the jury, that defendant was activated by actual malice because plaintiff filed a Workmen's Compensation claim against it.

◼ We do not reach defendant's claim of error pertaining to the exclusion of the log kept by Gaylord Container, which was offered to show that plaintiff never sought employment at its company. Neither plaintiff nor defendant cited any authorities in support of their position, hence we treat the point as abandoned on appeal. Sierk v. Reynolds, 484 S.W.2d 675, 682 (Mo.App. 1972).

◼ Finally, we take up defendant's claim that the court unduly circumscribed its inquiry on voir dire examination. The inquiry sought to establish that the jury in its consideration of damages would not compensate plaintiff for a wrongful discharge. While we think the subject matter of the inquiry to be proper in a service letter case, Woods v. Kansas City Club, 386 S.W.2d 62 (Mo.Banc 1965), we hold the error to be harmless for two reasons. First, the examination of prospective jurors is supervised by the trial court, which in its discretion determines the nature and extent of counsel's inquiries. Only upon a demonstration of manifest abuse of discretion and probability of injury to the complaining party should we interfere. Brown v. Bryan, 419 S.W.2d 62 (Mo.1967); M & A Electric Power Cooperative v. True, 480 S.W.2d 310, 314 (Mo.App.1972). Secondly, even if we were to assume that the court abused its discretion, we would hold the error to be harmless because the court gave

a withdrawal instruction on the issue of either rightful or wrongful discharge. Consequently, absent evidence to the contrary, we must assume the jury followed the court's instructions.

Judgment affirmed as to the award of punitive damages, and reversed in regard to the award of actual damages with instructions to the trial court to set aside its judgment for $5900.00 actual damages and to enter an award of $1.00 nominal damages.

SIMEONE, P. J., and GUNN, J., concur.