**IMPERIAL UTILITY CORPORATION,
Appellant,**

v.

**Benson CYTRON, Respondent.**

**Nos. 47428, 47443.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 17, 1984.

Gregory R. Smith, Mark G. Arnold, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for appellant.

Lawrence N. Weenick, Clayton, for respondent.

CRIST, Presiding Judge.

Defendant (lawyer) appealed a judgment against him for damages of $49.50 for conversion of appellant's (sewer company) documents deposited with the Missouri Public Service Commission (P.S.C.). Lawyer did not pursue his appeal; therefore it is dis-

missed. Sewer company appeals the trial court's directed verdict against its claim for punitive damages. We affirm the judgment of the trial court.

Sewer company, which provides sewer service to homeowners and developers in Jefferson County, Missouri, is regulated by the P.S.C. Wood Lynn Corporation retained lawyer to represent it in an action against sewer company pending before the P.S.C. In preparation for the P.S.C. hearing, lawyer subpoenaed and received certain documents of the sewer company. Lawyer took some of the documents to his office to make copies. Wood Lynn Corporation subsequently retained different counsel. Sewer company and P.S.C. then demanded lawyer return the documents. The evidence indicates lawyer gave the documents back to Wood Lynn Corporation. Sewer company spent $49.00 to obtain copies of the documents.

At the close of sewer company's evidence, lawyer moved for an order striking the allegations in plaintiff's petition pertaining to punitive damages. In his motion, lawyer asserted there was no evidence that would justify instructing the jury on the issue of punitive damages. The trial court sustained lawyer's motion, and refused to instruct the jury on punitive damages.

Sewer company, in its sole point on appeal, asserts the trial court erred in granting lawyer's motion to strike the allegations relating to punitive damages. Sewer company asserts it presented evidence lawyer intentionally refused to return the documents upon demand, and therefore the issue of punitive damages should have been submitted to the jury. We disagree.

■ In reviewing the trial court's directed verdict, we must consider the evidence most favorable to the sewer company, giving it the benefit of all reasonable, favorable inferences to determine if a submissible case was made. *Snodgrass v. Headco*, 640 S:W.2d 147, 156 (Mo.App.1982). Punitive damages are recoverable upon a showing of either actual or legal malice. *Oster v. Kribs Ford, Inc.*, 660 S.W.2d 348, 356 (Mo.App.1983). A demonstration of a simple good faith mistake, however, or ignorance as to the wrongfulness of the act constitutes a defense to the award of punitive damages. *Young v. Mercantile Trust Co. Nat. Ass'n.*, 552 S.W.2d 247, 250 (Mo. App.1977).

■ The record supports the trial court's conclusion lawyer had neither actual nor legal malice, and therefore punitive damages were not recoverable. Lawyer took the documents in question from the P.S.C. to make copies. The evidence tended to show when Wood Lynn retained new counsel, lawyer delivered the documents to Wood Lynn's president, Mr. Tosie. Mr. Tosie testified lawyer gave him a package of papers, consisting of lawyer's file on the case. Mr. Tosie did not examine the contents of the file, but delivered it to Wood Lynn's new counsel, Mr. Maier. Mr. Maier was subsequently dismissed, and Wood Lynn again retained new counsel. Mr. Tosie testified he did not know what Mr. Maier did with the file when new counsel was retained. Upon request, lawyer searched his files a number of times for the missing documents, with no success.

While the jury did find lawyer guilty of conversion, and awarded plaintiff actual damages of $49.50 plus costs, we do not believe defendant's acts were in any way willful, wanton, malicious or so reckless as to be in utter disregard of consequences. *McClellan v. Highland Sales & Inv. Co.*, 484 S.W.2d 239, 242 (Mo.1972). The evidence indicates at most lawyer made an honest mistake. The records were not lost. They were reproduced, although at some discomfort and expense to the sewer company. Under these circumstances, we believe punitive damages were not an issue.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.