Gussie & Elijah MOON,
Plaintiffs-Appellants,

v.

TOWER GROVE BANK & TRUST COM-
PANY, and Paul A. Hennerich, III,
Defendants-Respondents.

No. 48752.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 16, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 17, 1985.

Application to Transfer Denied
June 25, 1985.

Charles J. McMullin, St. Louis, for plain-
tiffs-appellants.

Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, Joseph H. Mueller, St. Louis, Mastorakos, Dunne & Hennerich, Homer N. Mastorakos, Paul A. Hennerich, III, Chesterfield, for defendants-respondents.

CRIST, Judge.

Action for wrongful garnishment of bank accounts.

Appellants (Moons), husband and wife, brought an action against respondent Tower Grove Bank and Trust Company (bank) alleging wrongful garnishment of two bank accounts. The garnishment was predicated upon a judgment of the magistrate court, void by reason of lack of personal service upon Moons. Bank impleaded Paul A. Hennerich, III, its attorney. The jury returned a verdict in favor of Moons for actual damages in the sum of $1,500.00 and found in favor of bank on its claim for damages of $1,500.00 against Paul A. Hennerich, III (attorney). The trial court refused to submit punitive damages to the jury. Moons appeal, alleging trial court errors resulting in an inadequate verdict and trial court error in refusing to submit the issue of punitive damages to the jury. We affirm.

Respondent bank originally sued Moons in St. Louis Magistrate Court on March 26, 1976, under a promissory note allegedly co-signed for Gussie Moon's daughter. Bank obtained a default judgment. However, the summons was defective in that it mistakenly named "Gussie and Elizah Moor." In addition, appellants assert summons was left with a niece under the age of fifteen years in violation of Rule 54.13. At issue further was a violation of the required ten day statutory period, in that the sheriff failed to serve appellants at least ten days before the original trial date.

On April 28, 1976, bank had the default judgment set aside and the cause reset. Bank arranged for postcard notice, changing "Moor" to "Moon," but retaining the misspelled name "Elizah." On May 12, 1976, bank took a second default judgment against Moons. Pursuant to that judgment, bank effected execution and garnishment through its attorney Paul Hennerich, III, third party defendant, and ran garnishments against Moons' two bank accounts totalling approximately $1,000.00.

Moons filed suit against the St. Louis County Sheriff on his bond for false return of service. On January 25, 1978, their suit was dismissed. Moons proceeded to bring the instant case against bank which was dismissed by the trial court based on collateral estoppel. The Missouri Court of Appeals reversed and remanded, holding the second default judgment against Moons lacked proper service and was null and void. This Court held the second judgment, rendered without personal jurisdiction, could be attacked collaterally. *Moon v. Tower Grove Bank & Trust Co.*, 658 S.W.2d 57, 59 (Mo.App.1983). Upon remand, the jury found for Moons, awarding $1,500.00 actual damages. Bank prevailed on its claim against its attorney (third party defendant). The trial court refused to submit punitive damages.

In their amended points relied on, Moons assert thirteen trial court errors as reasons for reversal:

(a) inability to use and refer to prior opinion of this court reinstating Moons' libel actions;

(b) use of pleadings in collateral suit by Moons for admissions against interest;

(c) judicious oral instructions and statements of the trial court;

(d) taking punitive damages issue from the jury;

(e) prohibition against reading third party defendant's deposition into evidence;

(f) striking Moons' medical expert for violation of discovery;

(g) permitting cross-examination of Moons regarding their failure to file motion to dismiss the judgment or motion to quash garnishments;

(h) trial court's discrediting Moons' case in prejudice to the jury;

(i) not admitting into evidence bills of a former lawyer;

(j) refusing evidence of Moons' emotional and physical upsets as the result of the garnishments;

(k) preventing Moons from proving credit loss and giving withdrawal instruction No. 5;

(*l*) interruption by the trial court of Moons' counsel's argument that bank could have filed a counterclaim but did not;

(m) admonishment of Moons' counsel in presence of jury with reference to postcard notice.

In twelve of the thirteen points cited, the judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value. Judgment is affirmed in accordance with Rule 84.16(b).

■ Regarding punitive damages, we find the trial court's failure to submit this issue to the jury was correct. Sufficiency of the evidence to warrant the imposition of punitive damages by the jury is a question of law within the reasoned discretion of the trial court. *Fordyce v. Montgomery*, 424 S.W.2d 746, 751 (Mo.App.1968); *Deck and Decker Personnel Consultants, Ltd. v. Thomas*, 623 S.W.2d 90, 92 (Mo. App.1981). In determining the sufficiency of the evidence to support a submission of punitive damages, the evidence is to be viewed in the light most favorable to the plaintiff. *Smith v. Courter*, 575 S.W.2d 199, 207 (Mo.App.1978). After viewing the evidence in the light most favorable to plaintiffs, we find nothing to indicate any element of wantonness or bad motive on the part of bank or attorney necessary to support a punitive damage award. There was no evidence bank or attorney knew the judgment was void at the time they effected garnishment or that they were aware what they did was wrongful. Postcard notice was the standard procedure to reset a cause in the magistrate court. The issue of nine-day rather than ten-day service was first raised well after the garnishments were run.

■ In order for a plaintiff to recover punitive damages, he must prove malice. In general, the law has recognized three degrees of malice: actual, legal, and malice in law. See *Sanders v. Daniel International Corporation*, 682 S.W.2d 803, 807–808 (Mo.banc 1984). The Supreme Court of Missouri has recently eliminated the malice in law standard, reflected in MAI 16.01, in a malicious prosecution case. The court stated this form of malice, represented in the instruction, does not indicate to the jury that the defendant must have acted with the mental state requisite for punitive damages to be awarded in a malicious prosecution action. The requisite mental state requires intent to cause harm. Mere intent to commit the act which causes harm is not sufficient. *Sanders, supra* at 813.

In wrongful garnishment actions in Missouri two types of malice have allowed recovery of punitive damages: actual malice and legal malice. In actual malice, the action is motivated by hatred or ill will. Legal malice has been defined as the intentional doing of a wrongful act without just cause or excuse in reckless disregard of the rights of others. *Yost v. Household Finance Corporation*, 422 S.W.2d 382, 385 (Mo.App.1967). However, demonstration of a simple good faith mistake or ignorance as to the wrongfulness of the act constitutes a defense to the award of punitive damages. *Young v. Mercantile Trust Company National Association*, 552 S.W.2d 247, 250 (Mo.App.1977); *Imperial Utility Corp. v. Cytron*, 673 S.W.2d 858, 859 (Mo.App.1984).

■ To justify punitive damages based on legal malice, Missouri courts have stated there must be some element of bad motive or wantonness. This means the defendant not only must have intended to do the wrongful act, but that he knew it to be wrongful when he did it. *Ozark Wood Industries v. First National Bank of Doniphan*, 625 S.W.2d 651, 654 (Mo.App. 1981). If, on the other hand, defendant has acted in good faith on the honest belief his act is lawful, he is not liable for punitive damages, although he may have been mistaken as to the legality of his act. *Ozark Wood Industries, supra* at 654.

In the instant case, bank through its attorney garnished property following a default judgment which was void for lack of personal jurisdiction. Bank set aside the first default judgment after learning names were misspelled. It reset the cause and issued postcard notice, retaining one spelling error. A second default judgment was taken.

The evidence viewed most favorably to plaintiffs indicates bank's garnishment of accounts (through its attorney) was based on the mistaken assumption that the second default judgment was valid. To support the submission of punitive damages, there must be substantial evidence bank knew the judgment was void at the time the garnishment was run. *Ozark Wood Industries, supra* at 654; *Deck and Decker Personnel Consultants, Ltd., supra* at 92. The evidence reveals nothing other than good-faith error. Accordingly, the trial court did not err in refusing to submit punitive damages to the jury.

Judgment is affirmed.

DOWD, P.J., and CRANDALL, J., concur.