616 F.Supp. 1423 (1985)
Mario P. COMERIO, Plaintiff,
v.
BEATRICE FOODS COMPANY, Defendant.
No. 84-1474C(1).
United States District Court, E.D. Missouri, E.D.
September 3, 1985.
*1424 *1425 James J. Sauter, St. Louis, Mo., for plaintiff.
Anthony J. Sestric, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
Mario P. Comerio brought this action under Mo.Rev.Stat. § 290.140 (1978) after leaving employment with Imperial Oil and Grease Company, a division of Beatrice Companies, Inc. during the period of plaintiff's employment. In Count I of his complaint, he claimed that though he requested of his employer a service letter to which he is entitled by Missouri statute, he received no service letter from his former employer. In Count II, Comerio alleged that his employer breached the employment contract by relieving him of his obligations under a restrictive covenant in a dilatory fashion. After a trial on these issues, a jury found for plaintiff on the service letter cause of action, awarding him $1.00 actual damages and $14,700.00 punitive damages, and against him on the contract count. Defendant moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial on the service letter count. Plaintiff moved for a new trial on the contract count. This Court will consider these matters in turn and set forth the facts relevant to each motion as necessary.

I.
Defendant's motion for judgment notwithstanding the verdict has two bases: (1) the plaintiff failed to comply with the requirement of the service letter statute; (2) the plaintiff's evidence did not show the requisite malice to submit the issue of punitive damages to the jury.
When ruling on a motion for judgment notwithstanding the verdict, this Court must (a) consider the evidence in the light most favorable to the prevailing party, (b) assume that the jury resolved all conflicts of evidence in favor of that party, (c) assume as true all facts which that party's evidence tended to prove, (d) give that party the benefit of all favorable inferences which may reasonably be drawn from proved facts, and (e) deny the motion if in light of the above reasonable jurors could differ as to the conclusions that could be drawn from the evidence.[1]McGee v. South Pemiscot School Dist. R-V, 712 F.2d 339, 343 (8th Cir.1983). Though verbal formulations of the standard may vary, a federal court asks essentially whether there is evidence upon which the jury could properly find for the party against whom the motion is directed. 9 C. Wright & A. Miller, Federal Practice and Procedure § 2524 (1971).
In arguing that plaintiff failed to comply with the service letter statute, defendant reargues a point decided against defendant in an earlier Order and Memorandum of this Court. Mario P. Comerio v. Beatrice Foods Company, 595 F.Supp. 918 (E.D.Mo.1984) (order denying defendant's motion to dismiss). Nothing during the trial of this case or in defendant's arguments on this motion convinces this Court that plaintiff failed to comply adequately with the service letter statute. Thus, defendant's motion for judgment n.o.v. is denied to the extent it relies upon plaintiff's failure to comply with the statute.
As defendant also contends, the issue of punitive damages should not have been submitted to the jury because the plaintiff failed to show the requisite malice. At trial, plaintiff presented defendant's failure *1426 to respond to his request letter as the only evidence of malice. Therefore, the issue to be decided on this motion for judgment n.o.v. is whether defendant's failure to respond to plaintiff's request for a service letter is sufficient evidence of malice to sustain a jury verdict on punitive damages. This Court holds that it is not.
Missouri courts handle service letter cases with some frequency and their decisions are instructive on the issue of punitive damages. In a Missouri service letter case, before a jury may award punitive damages, the plaintiff must show actual or legal malice on the part of the defendant. See Schmidt v. Central Hardware Company, 516 S.W.2d 556, 560 (Mo.Ct. App.1974); Booth v. Quality Dairy Company, 393 S.W.2d 845, 851 (Mo.Ct.App. 1965). The record in this case does not support actual malice; therefore, plaintiff may rely only on legal malice, which exists where a wrongful act is intentionally done without just cause or excuse. 516 S.W.2d at 560. A party may defend against a finding of legal malice by demonstrating lack of knowledge of the service letter statute. Id. In permitting a jury instruction on lack of knowledge as a defense under the service letter statute, the Missouri Court of Appeals noted, as follows:
The party must know that the act is wrongful and must do it intentionally without just cause or excuse. If he acts in good faith and in the honest belief that his act is lawful, he is not liable for punitive damages even though he may be mistaken as to the legality of his act.
393 S.W.2d at 851 (quoting Hall v. St. Louis-San Francisco R. Company, 224 Mo.App. 431, 28 S.W.2d 687, 691 (1930)). More recently, the Missouri Supreme Court affirmed this standard in Stark v. American Bakeries Company, 647 S.W.2d 119, 123 (Mo. banc 1983), where the court held that to be assessed punitive damages, a defendant must not only have intended to perform the act but must have known it was wrongful when performed. Thus, in Missouri courts, lack of knowledge of the requirements of the service letter statute constitutes a defense to a finding of malice.
Generally, Missouri courts require a finding that the defendant knew of his legal obligation in order to award punitive damages. E.g., Pollock v. Brown, 569 S.W.2d 724, 733 (Mo. banc 1978). This requirement implies that evidence of defendant's knowledge of and disregard for the service letter statute be present on the record. In the absence of such evidence, a plaintiff has not presented a submissible case on the issue of punitive damages. As plaintiff argues, punitive damages can be submitted to the jury and the jury can find legal malice merely upon the failure of the employer to respond to a service letter request. To support his argument, plaintiff cites two cases: Schmidt v. Central Hardward Company, 516 S.W.2d at 560; Wuerderman v. J.O. Lively Const. Company, 602 S.W.2d 215 (Mo.Ct.App.1980).
In Schmidt, the Missouri Court of Appeals permitted an award of punitive damages where the defendant failed to respond to plaintiff's service letter request. However, the court also noted that evidence of actual malice was present in the record. 516 S.W.2d at 560. Thus, Schmidt does not support plaintiff's conclusion that mere failure to respond constitutes evidence sufficient to grant punitive damages.
In Wuerderman, the Missouri Court of Appeals affirmed a jury award of punitive damages in a service letter case in which the defendant argued, first, that there was no evidence that it knew a failure to respond was wrongful and, second, that testimony as to lack of knowledge established good faith. The court responded, as follows:
Defendant has committed the common error of assuming that because its witness testified ... [that defendant did not supply the letter because it was unaware of the statute], the jury was bound by its evidence. Of course the jury was not bound and could accept or reject such evidence as it saw fit.
602 S.W.2d at 222 (quoting Bubke v. Allied Building Credits, 380 S.W.2d 516, 522 (Mo. *1427 Ct.App.1964)). Accordingly, the court concluded that mere failure to respond was sufficient evidence to support the submission of punitive damages. However, an examination of the facts reveals other evidence from which the jury could have inferred legal malice. For example, plaintiff was terminated without explanation, plaintiff cited the service letter statute in his request letter, and defendant consulted with a local attorney after receiving the request. Thus, while the court wrote broadly on the requirements for submission of punitive damages, the facts of the case reveal evidence of knowledge not present in the instant case.
Similarly, in a recent service letter case the Eighth Circuit upheld a jury award of punitive damages. Easley v. Empire, Inc., 757 F.2d 923 (8th Cir.1985). In addition to defendant's failure twice to issue a service letter, the court cited evidence of defendant's knowledge that a response letter was required and defendant's pretextual reasons for its failure to issue a service letter as evidence sufficient to support a finding of legal malice. Again, the record in the instant case reveals no such evidence.
In other substantive areas of law, Missouri courts hold fast to lack of knowledge as a defense to an award of punitive damages. Moon v. Tower Grove Bank & Trust Company, 691 S.W.2d 399 (Mo.Ct. App.1985) (garnishment); Ozark Wood Industries v. First National Bank of Doniphan, 625 S.W.2d 651, 654 (Mo.Ct.App. 1981) (wrongful acquisition of personal property); Young v. Mercantile Trust Co. National Assoc., 552 S.W.2d 247, 250 (Mo. Ct.App.1977) (conversion). Moreover, Missouri courts consider the sufficiency of the evidence to permit a jury to award punitive damages a question of law within the reasoned discretion of the trial court. Moon, 691 S.W.2d 399; Deck and Decker Personnel Consultants, Ltd. v. Thomas, 623 S.W.2d 90, 92 (Mo.Ct.App.1981); Fordyce v. Montgomery, 424 S.W.2d 746, 751 (Mo. Ct.App.1968). A submissible case must rest upon substantial evidence, that is, evidence which, if true, has probative force upon the issues and from which the trier of fact can reasonably decide the case. Neil v. Mayer, 426 S.W.2d 711, 715 (Mo.Ct.App. 1968). Presumably, in the absence of such evidence the court should not uphold a jury award of punitive damages.
In the instant case, plaintiff argues that Missouri courts have carved out an exception for service letter cases from the usual legal malice rules. The exception would permit submission without evidence other than a lack of response to a request for a service letter. Arguably, this exception is justified by the remedial nature of the statute. However, the cases cited by plaintiff contained facts not present in this case upon which the jury could have found malice. Therefore, given plaintiff's failure to demonstrate defendant's knowledge of the statute and to present evidence of malice, this Court holds that plaintiff did not present a submissible case and grants defendant's motion for judgment notwithstanding the verdict with regard to punitive damages.
In considering defendant's motion for a new trial, this Court has greater discretion than in considering the above motion and may weigh the sufficiency of the evidence. See infra Part II. Applying the above analysis, this Court finds sufficient evidence of plaintiff's compliance with the requirements of the service letter statute and denies defendant's motion for a new trial on this ground. Having granted defendant's motion for a judgment notwithstanding the verdict on punitive damages, defendant's motion for a new trial on that issue is moot.

II.
Plaintiff moves for a new trial on Count II of plaintiff's complaint, the breach of contract claim, on the ground that the verdict is against the weight of the evidence. In a diversity case, the question of whether a new trial is to be granted is a federal procedural question to be decided by reference to federal law, specifically Fed.R.Civ.P. 59. Pitts v. Electro-Static *1428 Finishing, Inc., 607 F.2d 799, 802 (8th Cir. 1979). The decision whether to grant a motion for a new trial is confined to the discretion of the trial court. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980). Generally, new trials are granted only if the record presents prejudicial error or substantial justice has not been done. Kehm v. Proctor & Gamble Company, 580 F.Supp. 890, 896 (D.C.Ia.1982); Seven Provinces Ins. Co., Ltd. v. Commerce & Industry Ins. Co., 65 F.R.D. 674, 688 (N.D. Mo.1975); 11 C. Wright & A. Miller, Federal Practice & Procedure § 2808, at 32 (1973). Though the court may weigh the evidence, disbelieve witnesses, and grant a new trial, even where there is substantial evidence to sustain the verdict, the court may not simply substitute its judgment for that of the jury. McGee, 712 F.2d at 344. The standard is a vague one and can probably not be formulated more precisely than to say that when after giving full respect to the jury's findings, the judge is left with the definite and firm conviction that the jury has erred, the motion should be granted. Ryan By Ryan v. McDonough Power Equipment, Inc., 734 F.2d 385, 387 (8th Cir.1984); 11 C. Wright & A. Miller, Federal Practice & Procedure § 2806 (1973). Though no precise standard presents itself, courts commonly grant a new trial on the ground that the verdict was against the weight of the evidence. See, 11 C. Wright & A. Miller, Federal Practice & Procedure § 2806 (1973). Of course, the burden of demonstrating error lays upon the moving party. Hansen v. Barrett, 186 F.Supp. 527, 532 (D.C.Minn.1960). After a review of the evidence presented at this trial, this Court concludes that plaintiff failed to carry its burden.
As plaintiff alleged, defendant breached a restrictive covenant in plaintiff's contract of employment. By the terms of the covenant, plaintiff agreed not to compete with his employer during the term of the contract and for at most two years afterward. Plaintiff agreed to use his best efforts to obtain employment which would not compete with his former employer. As the covenant further provided, if plaintiff was unable to obtain employment with equal compensation, defendant would either release plaintiff from the covenant or compensate plaintiff for the difference between compensation in a competitive position and compensation in a non-competitive position. To prevail on this count, plaintiff would have been required to show an exercise of his best efforts and the difference between competitive and non-competitive salaries, the latter requiring evidence that each salary was actually available to plaintiff. Though plaintiff presented evidence of a higher salary in a competitive position, the parties disagree as to the certainty with which plaintiff would actually receive the salary. In arguing this motion, plaintiff merely reiterates this dispute and fails to convince the Court that prejudicial error has entered the record or that substantial justice has not been done.
As plaintiff also argues, damage resulted from delay by defendant to exercise its option under the restrictive covenant. The covenant may fairly be read to require defendant to exercise the option within a reasonable time. Mario P. Comerio v. Beatrice Foods Company, 595 F.Supp. 918 (E.D.Mo.1984) (order denying defendant's motion to dismiss). Whether the company acted reasonably under the contract is an issue for the jury, who could and did conclude that the company exercised its option within a reasonable time and that no damage resulted from delay. Plaintiff points to no prejudice or error in this regard. Therefore, this Court denies plaintiff's motion for a new trial.
NOTES
[1] Because Federal and Missouri standards for granting judgment n.o.v. are the same, this Court need not choose between them. This decision follows the practice of the Eighth Circuit which has declined to reach the issue of whether to apply federal or state law when judging the sufficiency of the evidence for a submissible case. Easley v. Empire, Inc., 757 F.2d 923 (8th Cir.1985); Crues v. KFC Corp., 729 F.2d 1145 (8th Cir.1984); Compare, 712 F.2d at 343 (federal standard) with Dockery v. Mannisi, 636 S.W.2d 372 (Mo.Ct.App.1982) (state standard).