Donald R. WILLETT,
Plaintiff-Respondent,

v.

SLAY WAREHOUSING COMPANY,
INC., d/b/a Archway Fleeting and Har-
bor Service, Inc., Defendant-Appellant.

No. 51588.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 16, 1987.

Motion for Rehearing and/or Transfer
Denied July 21, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Thomas A. Connelly, St. Louis, for defendant-appellant.

Thomas J. Prebil, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from a judgment against it based upon a jury verdict in a service letter case. The jury awarded $1.00 actual damages and $45,000 punitive damages.

■ Defendant first challenges the submissibility of plaintiff's case on the basis that plaintiff was never an employee of defendant and defendant therefore had no obligation to furnish plaintiff a service letter. Archway Fleeting and Harbor Service is a registered fictitious name utilized by Slay Warehousing to provide tugboat harbor service on the Mississippi River. Plaintiff worked on the Archway tugboats. He filled out a job application form bearing the Archway name; he received a communication on Archway letterhead addressed to Archway employees; he received information as a participant in the "Archway Employee Profit Sharing Plan;" he believed that he, his supervisor, Fitch, and his fellow workers were all Archway employees. In answers to interrogatories in an unrelated federal court action, Archway identified several named individuals, including plaintiff, as its employees. Defendant presented evidence that a company called Industrial Marketing, Inc. was actually plaintiff's employer. Plaintiff's W–2 forms showed Industrial Marketing as the employer. Industrial Marketing handles the payroll for Slay Warehousing and performs certain other services for Slay including, purportedly, providing manpower and management personnel to Archway. No documentation of the relationship between Slay and Industrial Marketing was offered. Defendant's evidence was that Archway had no employees, and Slay Warehousing only one, its owner. In view of the documentary evidence of plaintiff and Archway's admissions under oath in federal court, there was sufficient evidence to support plaintiff's status as an Archway employee (therefore a Slay employee) and to submit that issue to the jury.

■ Defendant next challenges the award of punitive damages on the basis that no malice was pleaded and no malice was proven. Sec. 290.140 RSMo 1986, provides that where an employer fails to provide a service letter it *"may* be liable" for nominal and punitive damages. For such

damages to be assessed the defendant must have performed a wrongful act intentionally without just cause or excuse. *Stark v. American Bakeries Co.*, 647 S.W.2d 119 (Mo. banc 1983) [6, 7]. It must not only have intended to perform the act which is ascertained to be wrongful but must have known it was wrongful when it did it. *Id.* In order to recover punitive damages, malice must be alleged in the petition. *Greaves v. Kansas City Junior Orpheum Co.*, 229 Mo.App. 663, 80 S.W.2d 228 (1935) [2–4]. Rule 55.15 allows allegations of malice, intent, knowledge and any other condition of mind of a person to be averred generally.

■ Plaintiff included a request for punitive damages in his prayer. The prayer is not part of the petition. *LaPresto v. LaPresto*, 285 S.W.2d 568 (Mo.1955). Nowhere in the body of the plaintiff's petition is there any reference to malice, knowledge or intent of defendant and no allegations of fact which evidence malice, knowledge or intent. The petition alleges only that nine months after termination of his employment plaintiff requested a service letter and defendant did not issue one. Before trial defendant filed a motion to dismiss for failure to state a claim but that motion did not specifically address the punitive damage issue. Before the start of testimony defendant did specifically move to dismiss the punitive damage claim because of failure to plead malice and that motion was repeated prior to submission. Those motions were denied. Plaintiff never sought to amend his petition.

It is the purpose of a petition to advise the defendant and the court of the facts upon which plaintiff relies to support his recovery. Rule 55.05. A defendant is entitled to rely on that petition in preparing his defense. When the facts alleged fail to establish an essential element of plaintiff's claim the petition is insufficient to allow relief on that claim. The petition here did not allege facts necessary to a claim for punitive damages and the issue should not have been submitted to the jury.

■ Additionally, we do not find evidence to support punitive damages. The only evidence was that plaintiff mailed a request for a service letter by certified mail, that he received back the receipt signed by Robin Broadway, and that he never received a service letter. Robin Broadway was never clearly identified although one of Industrial Marketing's employees, called by the defendant, thought she may have worked as a receptionist for that company at a location other than that contained on the receipt as the place where delivery should be made. The letter was addressed to Archway to the attention of Fitch, but the return receipt reflects the addressee only as Archway, not Fitch. The statute requires the writing by certified mail to the superintendent, manager, or registered agent.

In *Comerio v. Beatrice Foods Company*, 616 F.Supp. 1423 (E.D.Mo.1985), the court held that under Missouri law failure of the defendant to respond to the service letter request is not alone sufficient to support an award of punitive damages. In arriving at that conclusion the court relied upon *Stark v. American Bakeries Company, supra.* It distinguished *Schmidt v. Central Hardware Company*, 516 S.W.2d 556 (Mo.App.1974) and *Wuerderman v. J.O. Lively Const. Company*, 602 S.W.2d 215 (Mo.App.1980). While both of those cases state that failure to respond is enough to allow an inference of malice, both cases contained additional evidence to support a claim of malice. Both cases predate the Stark case. In view of *Stark*, which clearly requires that defendant knew its conduct was wrongful before punitive damages may be awarded, we find *Comerio* persuasive. *Stark* involved an incomplete service letter rather than a failure to supply one at all and so is different in that respect from *Comerio* and the case at bar. But the reasoning of *Stark* is equally applicable. Here there was no evidence that anyone in authority at defendant ever saw the request for a service letter or that it ever reached Fitch, who denied its receipt. In that respect the case also differs from *Wuerderman, supra*. The evidence was insufficient to support submission of punitive damages.

Defendant's final point concerns the trial court's oversight in neglecting to give MAI 4.01, a mandatory instruction. We can find no prejudice to defendant from the oversight.

Judgment for actual damages is affirmed; judgment for punitive damages is reversed.

DOWD and REINHARD, JJ., concur.